UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON,<br><br>              Petitioner,<br><br>    vs.<br><br>DANIEL PARAMO, Warden,<br><br>             Respondent. | Case No. CV 14-5692-GHK (RNB)<br><br>ORDER TO SHOW CAUSE |

Petitioner is a California state prisoner, currently confined in Richard J. Donovan Correctional Facility in San Diego. On July 22, 2014, he filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein, which purported to be directed to a 1999 conviction sustained in Los Angeles County Superior Court pursuant to a no contest plea, for which petitioner received a sentence of "8 years 85%."

Subject matter jurisdiction over a habeas petition exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005); see also 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner does

not remain "in custody" once the sentence imposed for the conviction has "fully expired." See Maleng, 490 U.S. at 491.

The burden of establishing subject matter jurisdiction rests with the party seeking to invoke the district court's jurisdiction. See, e.g., Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997); Thornhill Pub. Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Johnson v. Washington, 2009 WL 151284, *6 (W.D. Wash. Jan. 20, 2009) (habeas case). Moreover, the absence of subject matter jurisdiction may be raised by a district court sua sponte. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 2:18 (2010 rev. ed.).

Here, it does not appear from the face of the Petition that petitioner still is "in custody" under the conviction that he is challenging. Nor would it make a difference if the sentence that petitioner currently is serving was enhanced as a result of his 1999 conviction. In Carafas, 391 U.S. at 237-38, the Supreme Court held that, if subject matter jurisdiction to entertain a habeas petition exists at the time the petition is filed, the petition is not rendered moot by the petitioner's subsequent discharge from custody because the petitioner still is subject to the collateral consequences of his conviction. However, the Supreme Court also acknowledged that the habeas corpus statute requires that the applicant must be "in custody" when the application for habeas corpus is filed. See id. at 238. Subsequently, in Maleng, 490 U.S. at 492, the Supreme Court explained that Carafas did not stand for the proposition that collateral consequences in themselves were sufficient to satisfy the "in custody" jurisdictional requirement:

> "While we ultimately found that requirement satisfied as well, we rested that holding not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. Ibid. The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral

1  consequences of that conviction are not themselves sufficient to render
2  an individual 'in custody' for the purposes of a habeas attack upon it."

4  See also, e.g., Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir.) ("Maleng
5  foreclosed any argument that collateral consequences could satisfy the in custody
6  requirement for a petition filed after the expiration of the state sentence."), cert.
7  denied, 546 U.S. 1043 (2005); Williamson v. Gregoire, 151 F.3d 1180 (9th Cir. 1998)
8  ("[T]he boundary that limits the 'in custody' requirement is the line between a
9  'restraint on liberty' and a 'collateral consequence of a conviction.'"), cert. denied,
10  525 U.S. 1081 (1999).
11      IT THEREFORE IS ORDERED that, on or before **August 29, 2014**, petitioner
12  show cause in writing, if any he has, why this action should not be summarily
13  dismissed for lack of subject matter jurisdiction.

15  DATED: July 28, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

3